IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES | * | |
| vs. | * | Case No.: JKB-16-51 |
| ALEXANDER CAMPBELL | * | |

\* \* \* \* \* \* \* \* \* \* \*

**REPLY MEMORANDUM TO THE GOVERNMENT'S CONSOLIDATED
RESPONSE IN OPPOSITION TO DEFENDANTS' PRETRIAL MOTIONS**

COMES NOW, the Defendant, Alexander Campbell, by and through counsel, David W. Fischer, Esq., and respectfully submits this reply to the Government's Consolidated Response in Opposition to Defendants' Pretrial Motions:

**I**. **Defendant Campbell Withdraws Motions filed under ECF 78, ECF 79, and ECF 81.**

After reviewing additional discovery, motions filed by co-defendants, and the Government's Consolidated Response in Opposition to Defendants' Pretrial Motions, the Defendant hereby withdraws the following previously filed motions:

1. ECF 78—Defendant Campbell's Motion for Leave to Amend, Supplement, etc.

2. ECF 79—Defendant Campbell's Motion to Suppress Statements.

3. ECF 81—Defendant Campbell's Motion to Suppress Tangible and Derivative Evidence.

As to ECF 79 (Motion to Suppress Statements), the Government has agreed not to introduce a post-arrest statement ("it's like 10 grams") made by the Defendant.  Govt. Response (ECF 164) at 31.  Based on this representation, the Defendant withdraws his Motion to Suppress Statements (ECF 79) as to the balance of the statements referenced in his motion and the

Government's response.

## II. The Government's Plan To Introduce Highly Prejudicial Evidence At Trial Makes Severing Counts Or Granting A Separate Trial Necessary.

In response to Defendant Campbell's Motion for Relief from Prejudicial Joinder, the Government insists that the Defendants are properly joined under Rule 8(b) "because both participated in the same acts or transactions (the conspiracy) charged in Count One." Govt. Response (ECF 164) at 14. The Government further claims that the drug conspiracy dates back to 2010, i.e., before and continuing past December 27, 2011, the date of the death of J.L. alleged in Count Two. Id. To this date, the Defendant has not been provided any discovery or evidence tying him to co-Defendant Washington in 2011. In fact, the Third Superseding Indictment—a "speaking indictment"—lists no overt acts of Defendant Campbell prior to 2015. The Government claims "multiple witnesses"—apparently undisclosed cooperating "customers"—who will tie Defendant Campbell to co-Defendant Washington in 2011. See Govt. Response (ECF 164) at 14. As to joinder, the Government should be required at the motions hearing to provide more specifics tying Defendant Campbell to the conspiracy.

Even if joinder is appropriate pursuant to Rule 8(b), however, the Defendant will be substantially prejudiced by being involved in a trial that involves the allegation that a customer of a co-defendant died as a result of a heroin overdose. The Government (somewhat correctly) notes that requests for severance filed by the Defendant and co-Defendant Washington (ECF 75 and 160) "show one common concern—the Defendants want to limit the Government's ability to present evidence of overdoses caused by the Defendants' distribution of heroin." Govt. Response (ECF 164) at 12. The Government does not beat around the bush when it comes to its

intention of making alleged multiple overdoses a centerpiece of its case at trial: "At trial, the United States intends to introduce evidence, including text messages, which show that some members of the conspiracy knew that their customers were overdosing off of the heroin but nonetheless continued to act in furtherance of the conspiracy to distribute [heroin] . . .[.]" Govt. Response (ECF 164) at 5.  The Government practically admits that its goal at trial is to present to the jury as much inflammatory, prejudicial, and irrelevant information as possible, i.e., evidence of overdoses involving customers of the conspiracy.

Defendant Campbell *is not charged with attempted murder or reckless endangerment*. His state of mind vis-à-vis drug overdoses is not an element of the federal crimes he is charged with. Whether any, some, or all of Defendant Campbell's alleged customers overdosed is not an essential element of the offenses that he is charged with. There is no reason for the Government to present testimony regarding non-fatal overdoses against Campbell except to inflame the jury, especially in the context of a trial involving Count Two.

Additionally, Defendant Campbell will suffer enormous prejudice if he is tried with co-Defendant Washington in a case involving Count Two (heroin-related death). Regarding Count Two, the Government will present testimony from family members to establish a time of death, testimony of a medical examiner, and other emotionally charged evidence. The jury will have autopsy photos in the jury room to look at while they consider Defendant Campbell's charges. The jury will not be "confused" by this evidence; rather, they will be enraged at all of the Defendants and their decision will likely be influenced by emotion. No special jury instruction can cure the raw emotions that jurors will experience after hearing and seeing testimony and evidence regarding the deceased victim.

The Government correctly notes that courts prefer joinder of counts and defendants for

judicial and fiscal economic reasons. Ironically, however, severing Count Two and trying co-Defendant Washington separately on that count not only ensures a fair trial for all defendants, but will also save the Court time and money. Without a severance, Criminal Justice Act (CJA) panel attorneys representing the co-defendants will be forced to sit for the 3 to 5 days of court time the Government takes to present all of its evidence regarding whether co-Defendant Washington distributed heroin that caused a death and any rebuttal by co-Defendant Washington. This homicide case within a drug conspiracy case will consume a tremendous amount of time. The Government will be forced to call numerous witnesses to establish chain of custody, crime scene integrity, time of death, and on-scene fact witnesses. Additionally, the medical examiner's testimony alone could take a full day of trial time. Basically, the Government will pay CJA counsel significant compensation for being spectators to a homicide case that their clients have no direct connection to.

     Respectfully, the Defendant requests that the Court grant severance as to Count Two or, in the alternative, grant the Defendant a separate trial.

                                                        /s/
                                        David W. Fischer, Esq.
                                        Federal Bar No. 023787
                                        Law Offices of Fischer & Putzi, P.A.
                                        Empire Towers, Suite 300
                                        7310 Ritchie Highway
                                        Glen Burnie, MD 21061
                                        (410) 787-0826
                                        Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of May, 2017, a copy of the foregoing Reply Memorandum was electronically filed with the Clerk of the United States District Court using CM/ECF, with a notice of said filing to the following:

Counsel for the Government:  Derek Hines, Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, MD 21201

/s/
David W. Fischer, Esq.