

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| United States of America ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v.  ) | Criminal No. CCB-16-051 |
| ) | Civil No. CCB-21-438 |
| Glenn Wells ) | |
| ) | |
| Defendant ) | |

Petitioner's Motion for Reconsideration Pursuant to F.R.Cv.P.59(e) A Motion that is Intended to Toll the Time to Appeal

Comes Now Glen Wells, "Defendant", Pro Se, who Respectfully Moves the Court to Reconsider its Order and Memorandum Opinion (Doc #504 & 505) Pursuant to F.R.Cv.P 59(e). Defendant Intends the Motion to Toll the Time to Appeal.

RELEVANT HISTORY

Defendant filed a Section §2255 Motion (ECF #467). The Government responded (ECF #478) and Defendant filed a reply (ECF #504 and 505). Defendant comes here and respectfully moves the Court to reconsider, pursuant to F.R.Cv.P. 59(e).

DENIED this 3rd day of January, 2023.

_____/s/_____
Stephanie A. Gallagher
United States District Judge.

1

SUBSTANTIAL FACTS

In sum, at sentencing, the Court stated on the record that the Career Offender enhancement applied. However, the Court varied downward. In its order denying Defendant's Section §2255 (see attached) the Court states that Defendant cannot show prejudice as to Effective Counsel. As discussed below, the Court is incorrect, althought the Court rejected applying the Career Offender, the facts remain that the Court "believed" that the Career applied and began to formulate the sentence imposed with that belief. Counsel never challenged that belief. The fact that the Court believed Defendant to be a Career Offender, affected the sentence consideratoin like a cancer. Moreover, the fact Counsel seemingly also believed Defendant to be a Career Offender and informed him of that as a fact, directly affected Defendant's decision to plead guilty.

LEGAL ANALYSIS

A court may grant a motion to alter or amend under Federal Rule of Civil Procedure 59(3) "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637(4th Cir. 2007)(citation and quotation marks omitted). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" Pac. Ins. Co. v. Am. Nat'l Fire Inc. Co., 148 F.3d 396, 403(4th Cir.

2

1998)(quoting Wright et al., Federal Practice and Procedure §2810.1 at 124 (2d.ed 1995). The Fourth Circuit Court of Appeals has stated that "mere disagreement" with the district court's ruling does not support a Rule 59 motion. Hutchinson v. Staton, 994 F.2d 1076, 1082(4th Cir. 1993). Moreover, "Rule 59 motions should not be used to rehash issues already ruled upon because a litigant is displeased with the result." Ridgeway v. Stevenson, 2011 U.S. Dist.LEXIS 41929, 2011 WL 1466325, at *2(D.S.C. Apr 15, 2011)(citing Hutchinson, 9945 F.2d ar 1082).

DISCUSSION

Defendant asks to reconsider to correct a manifest injustice. In sum, the Court concluded that he was not prejudiced by Counsel's not objecting to the Career Offender enhancement. But yet, the Court noted that the prior offenses uysed were historical and insignificant. Thus, had Counsel not believe Defendant was a Career Offender, Counsel could have objected to the Courts belief that he was a Career Offender and argued for a variance from the applicable guidelines, absent the Career Offender, because Defendant's criminal history was overstated.

Moreover, the ineffective Counsel strenuously conveyed to Defendant that if he pleaded guilty he could be sentenced as a Career Offender. Under this belief, Defendant abandoned any thought of pleading guilty, thus the incomptence of Counsel prejudiced Defendant with the loss of acceptance of responsibility.

To hold that such incompetence did not prejudice Defendant would create a manifest injustice. The paralegal now assisting Defendant (See Attached) respectfully moves this Court to alter or amend its judgment to allow further briefing on the prejudicial effect of Counsel's incompetence on Defendant's decision to proceed to trial. Most importantly, Defendant does not abandon his argument that the Court's belief that he was a Career Offender was prejudicial per se. Accordingly, the Court should reopen the briefing, to allow Defendant to brief the prejudicial effect of the now admitted incompetence, as to the decision not to plead guilty. Defendant aks the Court to consider the fact he has been pressed for legal assistance due to lockdowns as a result of COVID-19.

CONCLUSION

The Court Should Alter and Amend its Judgment and Grant the Requested Relief to Prevent a Manifest Injustice and/or Grant Any and All Relief the Court Deems Equitable.

Respectfully submitted on December 15, 2022

_____
Glen Kyle Wells
Reg. No. 63284-031
FCI Edgefield
P.O. Box 725
Edgefield, SC 29824

## Certificate of Service

I, __Glen Kyle Wells__ hereby certify that I have served a true and correct copy of the following:

> Motion to Alter or Amend Pursuant to F.R.Cv.P. 59(e)

which is deemed filed at the time it was delivered to prison authorities for forwarding [Houston v. Lack 101 L.Ed.2d 245 (1988)] upon the defendant(s) and or his/her attorney(s) of record by placing same in a sealed, postage prepaid envelope addressed to:

> Leo J. Wise
> 36 South Charle Street
> Fourth Floor
> Baltimore, Maryland 21201

and by depositing same in the United States Mail at the Federal Correctional Institution __Edgefield__ on this __15__ day of __December 2022__.

Glen Kyle Wells
(Name)
Reg. No. 63284-037
FCI Edgefield

P.O. Box 725

Edgefield, SC 29824
(Address)